UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 5:13-123 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| DEQUAWN LAMAR   HOPKINS, and | ) | |
| LaSHAWN DEWAYNE HOPKINS, | ) | |
| | ) | |
| Defendants. | ) | |

** ** ** ** ** **

This matter is before the Court on the Joint Motion to Suppress (DE 95) filed by the Defendants Dequawn Hopkins and Lashawn Hopkins.

Both Defendants are charged with conspiring to possess and possessing heroin with the intent to distribute it. The Defendants were charged after law enforcement officers entered a residence at 1832 Costigan Drive in Lexington pursuant to a search warrant issued by a state district judge.  Both of the Defendants had been staying at that address for a few days prior to the search and were located in a bedroom of the residence at the time the officers executed the search warrant. The Defendants state that during the search, officers also found eight grams of suspected heroin, a firearm, and $3,480 on Dequawn Hopkins' person.

With their motion to suppress, the Defendants move to suppress this evidence arguing that the affidavit in support of the application for a search warrant filed by Detective J. McBride of the Lexington-Fayette Urban County Division of Police did not establish probable cause to believe that evidence of a crime would be located at the residence.

Where an affidavit is challenged on the basis that there was no probable cause, the court should review the affidavit to determine whether the judge who issued the search warrant "had a

substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited.'" *United States v. Greene*, 250 F.3d 471, 478 (6th Cir.2001) (quoting *United States v. Davidson,* 936 F.2d 856, 859 (6th Cir. 1991)). Probable cause exists "when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *Id.* at 479 (quoting *Davidson,* 936 F.2d at 859). In other words, there must be "a nexus between the place to be searched and the evidence sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir.2004) (citation omitted). A state court judge's probable-cause determination is entitled to "great deference." *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006).

"When making a probable cause determination, a court is limited to the four corners of the affidavit." *United States v. Rose*, 714 F.3d 362, 366 (6th Cir. 2013). Accordingly, a hearing on this matter is not necessary.

In the affidavit, Detective McBride stated that he believed evidence of drug trafficking would be found at 1832 Costigan Drive based on the following information:

- After officers found heroin on an individual named James Barnes, Barnes told the officers that he bought the heroin from a person known to him as "Shawn Shawn," who he described as a thin, black male of average height from Detroit, Michigan.

- Barnes stated he had a number on his cell phone for "Shawn Shawn" but that it was listed on Barnes' phone as "Nina." Barnes explained that this was because Nina was the name of the female he had been dealing with but that Nina had returned to Detroit and left the phone with Shawn Shawn to continue the drug trafficking activity.

- Barnes took Detective McBride and other officers to 1832 Costigan Drive and pointed out that location as the residence from which Barnes had purchased the heroin.

- Barnes stated that he had been in the house within the last 24 hours and saw about 50 grams of heroin there.

- Barnes stated that the house at 1832 Costigan backs up to apartments that are surrounded by a chain link fence and that Shawn Shawn sells heroin from the back of the house through the chain link fence to avoid the suspicion that would be aroused from heavy traffic in the front of the house.

- Barnes stated that he had been purchasing heroin from Shawn Shawn and/or Nina at the house for 4-5 months.

- In the officers' presence, Barnes made two phone calls to Shawn Shawn at the number listed on his phone as Nina. Detective McBride was able to hear a male voice on the phone. In the first call, Barnes arranged to buy a gram of heroin at 1832 Costigan Drive. In the second call, Barnes confirmed that Shawn Shawn was still at the house and told Shawn Shawn that he would be there shortly.

- Detective McBride had researched police computers and found a recent complaint of heavy foot and vehicle traffic at 1832 Costigan Drive with visitors staying for a short amount of time. The complainant stated there was so much traffic that he or she was not sure who actually lived at the house. The complainant further reported that the suspects appeared to have buried items in the backyard.

The Defendants argue that the affidavit did not contain any information corroborating Barnes' statement that he purchased the heroin from 1832 Costigan Drive. However, "[s]tatements from a source named in a warrant application . . . are generally sufficient to establish probable cause without further corroboration because the legal consequences of lying to law enforcement officials tend to ensure reliability." *United States v. Hodge*, 714 F.3d 380, 384-85 (6th Cir. 2013). "[N]amed informants, unlike confidential informants, require little corroboration." *United States v. Williams*, 544 F.3d 683, 690 (6th Cir. 2008).

Furthermore, in the affidavit, Detective McBride stated that Barnes told officers that he had seen heroin at the residence within the prior 24 hours and that Barnes was able to lead the officers to the residence. "When a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the 'totality of the circumstances'

presents a 'substantial basis' for conducting a search for that evidence." *United States v. Pelham*, 801 F.2d 875, 878 (6th Cir.1986)). In fact, "there could hardly be more substantial evidence of the existence of the material sought and its relevance to a crime than [the named informant's] direct viewing of" the contraband in the residence that is the target of the search. *Id*. at 878 (finding that probable cause existed where the affidavit included a named informant and stated that the named informant told officers that he had observed the storing and selling of marijuana inside the residence in the past 24 hours). *See also United States v. Miller*, 314 F.3d 265, 270 (6th Cir. 2002) (finding probable cause existed where the affidavit stated that a named informant observed an indoor marijuana growing operation in a mobile home within the prior 24 hours and showed the affiant the mobile home where the operation was located, with the court noting that the informant "was subject to prosecution if this information was fabricated.")

In addition, the affidavit actually contains information corroborating Barnes' statements. The affidavit states that Barnes described the house in detail, stating that the back yard backed up to apartments that were surrounded by a chain link fence. Further, the affidavit states that Barnes placed two phone calls in the officers' presence arranging to buy a gram of heroin at the house. Moreover, the affidavit states that Detective McBride sought independent corroboration of Barnes' statements by researching police computers and learning that there was a complaint of heavy traffic at the residence with visitors staying for just a short amount of time. The affidavit explains that the complaint also mentioned suspicious activity of people burying items in the backyard of the residence. This information was sufficient to corroborate Barnes' statement that he had purchased the heroin found on him from the residence at 1832 Costigan Drive.

For these reasons, the Court hereby ORDERS that the Joint Motion to Suppress (DE 95) is DENIED.

Dated this 13th day of January, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY