UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CRIMINAL NO. 5:13-123 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| KHAALIQ ALIM OWENS, | ) | |
| BRANDON HENDRICK JAMES PRESSLEY, | ) | |
| THOMAS DAJUAN BROWN, | ) | |
| DEQUAWN LAMAR HOPKINS, and | ) | |
| LASHAWN DEWAYNE HOPKINS | ) | |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on motions to dismiss for lack of jurisdiction and to change venue filed by the Defendants, each of which will be addressed below.

### I. Defendant Owens' pro se Motion to Dismiss for Lack of Jurisdiction (DE 154)

Defendant Owens, who has elected to represent himself in this matter, has moved to dismiss the indictment on the basis that the federal government does not have jurisdiction to prosecute the crimes charged in the indictment.

The Constitution grants Congress broad authority to create federal crimes. *United States v. Comstock*, 560 U.S. 126, 136 (2010). In 1798, the Supreme Court recognized that the Constitution grants Congress the power "to create, define, and punish, crimes and offenses, whenever they shall deem it necessary and proper by law to do so, for effectuating the objects of the [federal] government." *United States v. Worrall*, 2 U.S. 384 (1798). Further, "[t]he fact that Kentucky has sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute [defendants] for federal crimes occurring within those same boundaries." *United States v.* Hamilton, 263 F.3d 645, 655 (6th Cir. 2001). Finally, Congress has given U.S. district courts exclusive original jurisdiction over all offenses against the United States. 18 U.S.C. § 3231.

For all these reasons, Owens' jurisdiction argument is meritless and his motion to dismiss (DE 154) will be denied.

## II. Motion for Change of Venue by Defendants Dequawn Lamar Hopkins and LaShawn DeWayne Hopkins (DE 143)

Defendants Dequawn and LaShawn Hopkins move to change the venue of the trial to the Eastern District of Michigan. They make this request pursuant to Federal Rule of Criminal Procedure 21(a) which provides that the court must transfer a matter if it finds that "so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."

Defendants can request a change of venue based on either actual or presumed prejudice. *Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007). The court cannot make a finding of actual prejudice until after conducting *voir dire*. *See id.* ("The primary tool for discerning actual prejudice is a searching *voir dire* of prospective jurors.") The Defendants move for a change of venue based on presumed prejudice. Prejudice is presumed in "extraordinary cases, where the trial atmosphere has been utterly corrupted by press coverage." *Williams v. Bagley*, 380 F.3d 932, 945 (6th Cir. 2004) (quotations and citation omitted).

The Defendants state that there have been numerous articles and stories in the Lexington newspaper and other local media regarding heroin abuse and overdoses in the region. Further, the Defendants state, the stories have described a heroin pipeline by which the drug is brought into central Kentucky from dealers located in the Detroit region. The Defendants argue that, because they are Detroit natives charged with trafficking heroin in Kentucky, they will not receive a fair trial in central Kentucky. The Defendants attach three sample articles to their motion.

The Defendants have not met their heavy burden of demonstrating that this is one of those rare cases in which "an inflammatory, circus-like atmosphere pervades both the

courthouse and the surrounding community." *Foley*, 488 F.3d at 387. Accordingly, the Court cannot find presumptive prejudice.

In the alternative, the Defendants request that the Court exclude any evidence regarding "their state and city of origin." The government argues that, in describing the manner by which the alleged conspiracy operated, many witnesses will testify that multiple trips were taken from Detroit to Lexington to distribute heroin and that the sources of supply were located in Detroit. Thus, evidence that the Defendants were located in Detroit will be probative of the conspiracy. Further, as discussed, the Court does not find any evidence that the Defendants will be prejudiced simply by the jury learning that they were located in Detroit or that they are Detroit natives. Accordingly, the Court will not exclude such evidence. To the extent that *voir dire* reveals that some potential jurors will be actually prejudiced by such information, the Defendants can move to strike those jurors prior to trial.

### III. Conclusion

For all these reasons, the Court hereby ORDERS that Defendant Owens' motion to dismiss for lack of jurisdiction (DE 154) and the motion for change of venue (DE 143) filed by Defendants Dequawn and LaShawn Hopkins are DENIED.

Dated this 10th day of February, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY