UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | CRIMINAL NO. 5:13-123 |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| KHAALIQ ALIM OWENS, ) | |
| BRANDON HENDRICK JAMES PRESSLEY, ) | |
| THOMAS DAJUAN BROWN, ) | |
| DEQUAWN LAMAR HOPKINS, and ) | |
| LASHAWN DEWAYNE HOPKINS, ) | |
| Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on various motions filed by several of the five remaining defendants in this action. All five of the defendants are charged with conspiring to distribute heroin from February 2013 to July 10, 2013 and related charges.

### I. Pressley's Motion to Exclude Evidence (DE 97)

With this motion, Defendant Pressley asks the Court to exclude several kinds of evidence, each of which will be addressed below.

### A. Codefendant Fish's recorded statement

Pressley asks the Court to exclude a recorded statement made by codefendant Raven Elise Fish to officers after they conducted a search of a residence at 1832 Costigan Drive. The officers discovered heroin at the residence and, according to Pressley, Fish stated that the heroin belonged to Pressley. Fish has already pleaded guilty to possessing heroin with the intent to distribute it. The government states it will not seek to admit Fish's statement if she does not testify.

Admission of the statement will not violate the Confrontation Clause if Fish testifies. "[W]e reiterate that, when the declarant appears for cross-examination at

trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004),

As to whether admission of the statement would violate the hearsay rules, the Court assumes that the government is arguing that it may seek to admit the statement if Fish testifies inconsistently at trial. Accordingly, this portion of Pressley's motion will be denied as premature. If the government should believe that admitting the recorded statement is appropriate at trial, it must approach the bench for permission to do so. Pressley may reassert his objection at that time.

### B. Hearsay statements by codefendants that implicate Pressley

Second, Pressley asks the Court to exclude any "hearsay" statements made by any of his codefendants that directly implicate Pressley. The government agrees that it will not admit any such statements "if those statements are hearsay" unless the declarant testifies. The Court will deny this portion of Pressley's motion as premature. Pressley states that he is not "specifically aware" of what these statements may be. The Court is unable to exclude any statements without knowing what they are or the context in which they will be presented. Accordingly, this portion of Pressley's motion to exclude will be denied as premature.

### C. Barnes' recorded statement

Third, Pressley asks the Court to exclude a recording of the investigating officers' interview with James Barnes in which Barnes states that he once bought heroin from Pressley. The government states that Barnes will testify at trial. Accordingly, admission of the statement will not violate the Confrontation Clause. The government further states that Barnes' recorded statement may be necessary

for impeachment purposes if Barnes testifies inconsistently. Thus, the Court is unable to determine prior to Barnes' testimony if admission of the statement would violate the hearsay rules. Accordingly, to the extent that the motion to exclude relies on the hearsay rules, the motion will be denied as premature.

Pressley argues that, even if the statement is admissible under the hearsay rules, it should be excluded under FRE 403 because it is more prejudicial than probative. Pressley argues that Barnes does not ever identify the time or place of the alleged purchase or the quantity of heroin purchased. The Court will deny this portion of the motion as premature. It appears that the recorded statement will only be admitted if necessary for impeachment purposes. Pressley can reassert this argument if necessary at trial.

### D. Johnson's recorded statement

Pressley moves to exclude a recorded statement by Barbara Johnson in which she states that she heard Pressley and codefendant Johnny James Burdell Payne discuss taking trips to Detroit. Payne has pleaded guilty to conspiring with Pressley and others to distribute heroin. Pressley argues that the recorded statement is inadmissible if Johnson does not testify.

The government states Johnson will testify and indicates that she will only be asked to testify as to "what she saw the Defendant do or what she heard him say." If Johnson testifies, then her recorded statement may be admitted without violating Pressley's rights under the Confrontation Clause. As to whether the statement should nonetheless be excluded under the hearsay rules, the Court is unable to rule on this issue without knowing the contents of the statement and context in which the statement will be presented. Thus, this portion of Pressley's motion will be denied as premature and may be reasserted, if necessary, at trial.

### E. Photograph of signature page of lease

Pressley asks the Court to exclude a photograph of the signature page of the lease by which Pressley leased the residence at 1832 Costigan. He argues that he had moved out of the residence by the time of the search.

It appears that the government does not intend to submit the whole lease, but only a photograph of the signature page of the lease. Pressley argues that the photograph should be excluded for two reasons. First, Pressley argues that the photograph of the signature page does not itself prove that Pressley lived at the residence and that the government has no other evidence that Pressley lived there. That is an issue that Pressley's counsel can explore on cross examination or argue to the jury but the fact that the signature page may be the sole evidence that Pressley lived in the residence does not require the exclusion of it.

Second, Pressley argues that, because the government has only a photograph of only one page of the lease, the evidence is "incomplete." Federal Rule of Evidence 106 provides that, "[i]f a party introduces. . . part of a writing. . . an adverse party may require the introduction, at that time, of any other part. . . that in fairness ought to be considered at the same time." Pursuant to this rule, Pressley can seek to admit any other portions of the lease that he thinks ought to be admitted "in fairness." The Court is unable to determine if other parts of the lease "ought to be considered" since it has not seen any portion of the lease.

It is not even clear whether any other portions of the lease exist or, if not, what happened to the missing portions. Some courts have held that exclusion is the proper remedy under Rule 106 where the government improperly fails to preserve a portion of the evidence. *United States v. Sherman*, 293 F. App'x 158, 159-60 (3rd Cir. 2008). But Pressley has not made this argument. At this point, Pressley has not

4

presented the Court with any grounds to exclude the signature page of the lease and, thus, that portion of his motion will be denied.

### F. Statements by codefendants and others in jail phone calls

Pressley states that the government has dozens of recorded calls made from the jail by various codefendants. Pressley argues that these statements are hearsay and cannot be admitted against his codefendants as statements against interest under Rule 804(b)(3) because that would violate Pressley's right under the Confrontation Clause to confront witnesses against him.

Without hearing the statements, the Court cannot say whether they are hearsay or violate the Confrontation Clause. Nevertheless, the Court notes a few principles with regard to the Confrontation Clause. As discussed, there is no Confrontation Clause issue at all if the declarant on the recording testifies at trial. Further, the Confrontation Clause is "solely concerned with testimonial hearsay." *United States v. Arnold*, 486 F.3d 177, 192 (6th Cir. 2007). A statement is testimonial if "a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime." *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004). Accordingly, the recordings only present a problem under the Confrontation Clause if the Court determines that the declarants reasonably anticipated their statements would be used against Pressley.

Further, Pressley argues that none of the recorded calls directly implicate him and the government intends to use them only to establish his "guilt by association." Assuming this is true, then the admission of the recordings does not likely implicate the Confrontation Clause because the recordings do not even tend to establish Pressley's guilt. The Sixth Amendment is only violated by the admission of

testimony that "expressly implicat[es] the defendant." *Bruton v. United States*, 391 U.S. 123, 126 n. 1 (1968); *Richardson v. Marsh*, 481 U.S. 200, 208 (U.S. 1987).

In its response to Pressley's motion for a separate trial, the government states that many of the phone calls are admissible as statements by a coconspirator "during the course of and in furtherance of the conspiracy." Such statements are not hearsay under Federal Rule of Evidence 801(d)(2)(E). Further, such statements are "categorically non-testimonial" and, thus, do not implicate the Confrontation Clause. *United States v. Tragas*, 727 F.3d 610, 615 (6th Cir. 2013)

The Court is unable at this point to rule on the admissibility of any of the statements as no party has presented the statements to the Court for its review. For this reason, Pressley's motion to exclude the statements will be denied as premature.

## II. Pressley's Motion to Sever (DE 98)

Pressley argues in a motion to sever (DE 98) that, if the Court does not exclude the recorded jail calls, then it should sever his trial from his codefendants. This argument against depends on the Court finding that the admission of the recordings would violate Pressley's rights under the Confrontation Clause. The Court is unable to make that determination without knowing the content of the calls. Accordingly, this motion will be denied as premature.

## III. Motions by Dequawn Hopkins and Lashawn Hopkins

Defendants Dequawn Hopkins and Lashawn Hopkins have moved for rearraignment. Accordingly, their motions to sever (DE 96, 101) will be denied as moot. These defendants have also moved for an extension of time to file motions for rearraignment (DE 103, 104). These motions will be granted and their motions for rearraignment will be deemed timely filed.

## IV. Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

1) Defendant Pressley's Motion to Exclude Evidence (DE 97) is DENIED as explained above;

2) Defendant Pressley's Motion to Sever (DE 98) is DENIED;

3) The motions to sever by Defendants Dequawn Hopkins and Lashawn Hopkins (DE 96, 101) are DENIED as moot; and

4) The motions for extension of time to file motions for rearraignment filed by Dequawn Hopkins and Lashawn Hopkins (DE 103, 104) are GRANTED and their motions for rearraignment will be deemed timely filed.

Dated this 24th day of February, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY