# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:13-CR-123-KKC-CJS-6** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **DEQUAWN LAMAR HOPKINS,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on defendant Dequawn Hopkins' motion (DE 525) to vacate his sentence pursuant to 28 U.S.C. § 2255. The magistrate judge has recommended (DE 545) that the Court deny the petition as untimely. As the magistrate judge noted, the recommendation served as notice regarding the untimeliness of Hopkins' petition. The magistrate judge granted Hopkins 14 days to object to the finding that his petition was time barred. Hopkins has filed objections, and the Court will undertake a *de novo* review of those portions of the recommendation to which Hopkins objects. 28 U.S.C. § 636(b)(1).

On July 24, 2014, the Court entered judgment sentencing Hopkins to 120 months in prison. This was the minimum mandatory sentence because Hopkins had a prior felony drug conviction that subjected him to the enhanced penalty recognized in 18 U.S.C. § 851. Hopkins did not appeal so the judgment became final on August 7, 2014, the date the time to appeal passed. As the magistrate judge pointed out, by statute, Hopkins was required to file any § 2255 motion within one year of that date, which would have been August 7, 2015. Hopkins did not file the petition, however, until, at the

earliest, September 24, 2020, the date that he asserts he gave the petition to prison authorities for mailing. That would make the petition over five years late. The magistrate judge found that Hopkins was not entitled to equitable tolling and recommends that the petition be denied as untimely.

In his objections, Hopkins argues, as he did to the magistrate judge, that he is entitled to equitable tolling of the limitations period under 28 U.S.C. § 2255(f)(4). That section provides that the one-year period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id*.

For his argument that his petition is timely under this provision, Hopkins focuses on his claim that the Court incorrectly applied the § 851 enhanced penalty. He argues that he did not discover the facts supporting this claim until he discovered *Ingram v. United States*, 932 F.3d 1084 (8th Cir. 2019), which was filed August 2, 2019. Hopkins did not file his motion until more than a year after *Ingram* was filed, but the Court recognizes that delays between its filing and availability in the prison system could mean that he did not become aware of it until a period after it was filed.

In *Ingram*, like Hopkins, the defendant asserted in his § 2255 petition that the district court had unfairly applied the § 851 enhancement to his sentence. He argued that the one-year limitations period should be tolled for him under § 2255(f)(4) because it was not until the publication of *United States v. Young*, 960 F. Supp. 2d 881 (N.D. Iowa 2013), that he learned of the substantial disparity in the imposition of § 851 enhancements between the Northern District of Iowa, where Ingram was sentenced, and other federal districts. In *Young*, the court extensively discussed and analyzed the U.S.

2

Sentencing Commission's 2011 study finding a lack of uniformity across U.S. district courts in how the Department of Justice applied § 851 enhancements.

In *Ingram*, the Eighth Circuit determined that the defendant's § 2255 motion did not depend on the publication of *Young*, but instead on the facts in the Sentencing Commission's report, which was discussed in *Young* but first published in 2011. *Ingram*, 932 F.3d at 1090-91. The court found Ingram's § 2255 petition untimely because he had not showed that he exercised due diligence in discovering the facts set forth in the Commission's 2011 report. *Id*. at 1091.

Similarly, the magistrate judge determined in this case that Hopkins had also failed to show that he acted diligently in attempting to obtain the 2011 report. Moreover, the magistrate noted that Hopkins had not cited any data from *Ingram* or *Young* that supported an argument that his § 851 enhancement was improper.

In his objections, Hopkins continues to argue that his §2255 petition was filed late because, like the defendant in *Ingram*, his petition relies on facts about the 2011 report first set forth in *Young*. Hopkins is different from the defendant in *Ingram* in two important ways.

First, Ingram was sentenced in the Northern District of Iowa, which was the district that *Young* analyzed. As the magistrate judge discussed, Hopkins does not explain how any of the facts revealed in *Young* or the 2011 report support his argument that this Court unfairly applied the § 851 enhancement in his case.

Second, *Young* was not filed until years after Ingram's one-year deadline for filing his § 2255 petition. Ingram's §2255 deadline was in 2011. *Young* was not published until

2013. Thus, he could argue, albeit unsuccessfully, that new facts set forth in *Young* justified his untimely petition.

Hopkins' deadline for filing a § 2255 petition, on the other hand, was in 2015. Again, *Young* was filed in 2013. Thus, even if *Young* did reveal facts relevant to Hopkins' claims, those facts would have been available to Hopkins before his deadline ran for filing a §2255 petition. Neither the 2011 report nor the 2013 filing of *Young* can possibly justify Hopkins' failure to file his petition by 2015. As to *Ingram*, it is relevant to Hopkins' argument only because it discusses *Young.* Hopkins does not cite any new facts set forth in *Ingram* that justify his late petition.

For all these reasons and those stated in the magistrate judge's recommendation, the Court hereby ORDERS that Hopkins' 28 U.S.C. § 2255 petition (DE 525) is DENIED as untimely.

This 4th day of February, 2022.


KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY